```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

CHASE CARMEN HUNTER,

      Plaintiff,

v.                                        Civil Action No. 2:15-5508

MICHAEL D. RILEY, individually and
in his official capacity as Commissioner
of Insurance for West Virginia, and in
his official capacity as a Committee
Member of the National Association of
Insurance Commissioners; and THE WEST
VIRGINIA OFFICES OF INSURANCE COMMISSIONER,

      Defendants.


## MEMORANDUM OPINION AND ORDER


      The court having received the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, filed on August 9, 2016, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B); and having reviewed the record in this proceeding; and there being no objections filed by any party to the proposed findings and recommendation; and it appearing proper so to do, it is ORDERED that the findings and conclusions made in the proposed findings and recommendation of the magistrate judge be, and they hereby are, adopted by the court.

      As more fully set forth in the magistrate judge's PF&R, defendants filed a motion to dismiss, arguing dismissal on three

grounds: (1) that plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6); (2) that the Eleventh Amendment bars a lawsuit against defendants; and (3) that the court should abstain from jurisdiction under the Younger abstention doctrine in light of ongoing state proceedings. Def. Memo. in Supp. of Mot. to Dismiss at 4, 5, 6.

The magistrate judge recommends that the motion to dismiss for failure to state a claim under Rule 12(b)(6) should be denied because plaintiff states a potentially cognizable Fourteenth Amendment due process claim due to actions relating to the status of plaintiff's West Virginia insurance license. PF&R at 8.

The magistrate judge further recommends that the West Virginia Office of Insurance Commissioner is absolutely immune from suit under the Eleventh Amendment, and should be dismissed from this action. PF&R at 10. With respect to defendant Michael Riley, because plaintiff seeks, in part, prospective injunctive relief "to permanently enjoin [the defendants] from violating the state and federal laws, constitutions and human rights described [in the Complaint], the magistrate judge recommends that Riley is a proper defendant under the Ex parte Young exception to Eleventh Amendment immunity, and therefore his dismissal under the Eleventh Amendment immunity is not appropriate. Pl. Compl. at 14; PF&R at 10.

With respect to defendants' argument that this case must be dismissed because the court cannot interfere with ongoing state administrative proceedings regarding Hunter's West Virginia insurance license, the magistrate judge found the record to be "insufficient for the court to determine whether there are ongoing state proceedings of important state interest in which the plaintiff's claim raised herein could be addressed."  PF&R at 14.

Under the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971), federal courts should abstain from jurisdiction when federal claims have or can be presented in ongoing state judicial proceedings or administrative proceedings that involve important state interests.  Hawaii Housing Auth. V. Midkiff, 467 U.S. 229, 237-38 (1984); Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

"Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding[;] (2) the proceeding implicates important state interests[;] and (3) there is an adequate opportunity to present the federal claims in the state proceeding."  Employers Resource Mgmt. Co. v. Shannon, 62 F.3d 1126, 1134 (4th Cir. 1995)(citing Middlesex County Ethics Commm., 457 U.S. at 432).

Defendants contend that the three elements are met in this

3

case and that the court should therefore "abstain from interfering with ongoing State proceedings." Memo. in Supp. of Mot. to Dismiss at 6, 7. First, there is an ongoing administrative proceeding that was instituted by defendants against plaintiff in March of 2014. Id. Defendants state that "the administrative complaint is not yet resolved because this matter was stayed upon Plaintiff's filing of her Complaint in this Court." Id. Second, defendants state that plaintiff can obtain judicial review of the decision from the administrative hearing through an appeal to the West Virginia Circuit Court, where she may also raise her constitutional challenges. Id. (citing W. Va. Code § 33-2-14). Third, defendants assert that the administrative hearing implicates the important state interest in "regulating and licensing insurance producers . . . and protecting consumers by setting standards and regulating the insurance marketplace, including licensing individuals who seek to sell insurance to West Virginia consumers." Id. at 6-7.

In plaintiff's opposition to the motion to dismiss, plaintiff argues that Younger does not apply in this case "because according to [defendants], there are no ongoing state proceedings . . . [and defendants] willfully terminated 'state proceedings' in about March 2014." Pl. Opp. at 1. In plaintiff's complaint, she alleges that in February 2014, she received a written notice from defendants that they were filing an administrative complaint against

4

her seeking to discipline her because her insurance licenses were revoked in Texas and Florida. Pl. Compl. at 4. She further alleges that in May 2014, plaintiff advised defendants in writing that she planned to file this action against them and within 10 days, defendants responded in writing that the hearing of the administrative complaint was continued and no specific future date was provided. Id. at 12-13. Defendants have not pursued the administrative complaint against plaintiff for more than 12 months. Id. Further, the online state based system used to show the status of insurance licenses shows plaintiff's license as "denied January 10, 2014." Id.

Because the magistrate judge found that the record was unclear about whether a hearing had been or will be held and the decision to be made by the insurance commissioner, he found that the record was insufficient to determine the Younger abstention issue and that the motion should be denied without prejudice in order to fully determine the status of the administrative proceeding. Id. at 14.

The court finds that the record is unclear regarding the status of the administrative hearing. Inasmuch as defendant Riley could have objected to the PF&R and informed the court the status of the hearing, and he did not do so, the court cannot fully evaluate

5

whether abstention is proper in this instance.

It is, therefore, ORDERED that defendants' motion to dismiss be granted with respect to plaintiff's claims against the West Virginia Office of Insurance Commissioner. It is further ORDERED that defendants' motion to dismiss be denied without prejudice with respect to plaintiff's claims against Michael Riley, in order to allow additional development of the record concerning the status of the administrative proceeding.

It is further ordered that this matter be, and it hereby is, recommitted to United States Magistrate Judge Dwane L. Tinsley.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: September 30, 2016

John T. Copenhaver, Jr.
United States District Judge