```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**CHASE CARMEN HUNTER,**

       Plaintiff,

v.                                          Civil Action No. 2:15-5508

**MICHAEL D. RILEY, individually and
in his official capacity as Commissioner
of Insurance for West Virginia, and in
his official capacity as a Committee
Member of the National Association of
Insurance Commissioners; and THE WEST
VIRGINIA OFFICES OF INSURANCE COMMISSIONER,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's late-filed objection to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley and her objection to the court's memorandum opinion and order adopting the PF&R and motion to vacate the memorandum opinion and order, filed September 30, 2016.

Plaintiff filed this case on April 20, 2015 against the Commissioner of Insurance for West Virginia, Michael D. Riley, in his individual and official capacity and against the West Virginia Offices of the Insurance Commissioner.  She alleges that her non-resident West Virginia insurance license was improperly revoked after her licenses were revoked in Texas and Florida.  She seeks a

declaratory judgment declaring that her West Virginia license is active and valid and an order permanently enjoining defendants from violating state and federal law.

Defendants filed a motion to dismiss on September 18, 2015 arguing that the case should be dismissed for three reasons: (1) that plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6); (2) that the Eleventh Amendment bars a lawsuit against defendants; and (3) that the court should abstain from jurisdiction under the <u>Younger</u> abstention doctrine in light of ongoing state proceedings. Def. Memo. in Supp. of Mot. to Dismiss at 4, 5, 6.

On August 9, 2016, Magistrate Judge Tinsley filed a PF&R recommending that the motion to dismiss for failure to state a claim under Rule 12(b)(6) should be denied because plaintiff states a potentially cognizable Fourteenth Amendment due process claim due to actions relating to the status of plaintiff's West Virginia insurance license. PF&R at 8. The magistrate judge further recommended that the West Virginia Office of Insurance Commissioner is absolutely immune from suit under the Eleventh Amendment, and should be dismissed from this action. <u>Id.</u> at 10. With respect to defendant Michael Riley, because plaintiff seeks, in part, prospective injunctive relief "to permanently enjoin [the

defendants] from violating the state and federal laws, constitutions and human rights described" in the complaint, the magistrate judge recommended that Riley is a proper defendant under the Ex parte Young exception to Eleventh Amendment immunity, and therefore his dismissal under the Eleventh Amendment immunity is not appropriate. Pl. Compl. at 14; PF&R at 10. The magistrate judge found the record to be "insufficient for the court to determine whether there are ongoing state proceedings of important state interest in which the plaintiff's claim raised herein could be addressed." PF&R at 14.

On August 26, 2016, the date objections to the PF&R were due, plaintiff filed a motion for an extension of sixty days to file her objections. The court granted that request in part, giving her until September 15, 2016, which was twenty days from the date of her motion, to file objections with the court. On September 30, 2016, when plaintiff failed to object, the court entered an order adopting the findings in the PF&R, which dismissed the claims against the West Virginia Insurance Commissioner with prejudice, denied the motion to dismiss with respect to Michael Riley, and recommitted the matter to Judge Tinsley to allow development of the record concerning the status of the administrative hearing so that the Younger abstention issue could be resolved accordingly.

That same day, plaintiff filed this motion alleging that

3

the court should have given her the 60-day extension that she requested and listed her objections to the PF&R.

On October 29, 2016, before the court ruled on plaintiff's motion, plaintiff filed a notice of appeal of the court's September 30, 2016 order with the United States Court of Appeals for the Fourth Circuit. On April 27, 2017, the Fourth Circuit dismissed plaintiff's appeal, finding that the order plaintiff was appealing "was not a final order nor an appealable interlocutory or collateral order." See ECF Doc. No. 41 at 2. The mandate followed on May 19, 2017. On March 14, 2017, Michael Riley filed a renewed motion to dismiss, providing more detail as to why the case should be dismissed on Younger grounds.

The court has reviewed plaintiff's late objections to the PF&R and has determined that they pertain only to the claims that remain against Michel Riley and whether the Younger abstention doctrine precludes plaintiff's claims in this case. Inasmuch as the court's order only dismissed plaintiff's claims against the West Virginia Insurance Commission on the grounds that the 11th Amendment barred suit against it, and deferred ruling on the motion to dismiss against Michael Riley on Younger grounds until the record could be fully developed, these objections are not proper at this time. Plaintiff has not responded as to why Younger does not apply to this

case as set forth in the renewed motion to dismiss filed by Michael Riley on March 14, 2017.

Accordingly, the objection to the Proposed Findings and Recommendation ("PF&R") and objection to the court's memorandum opinion and order adopting the PF&R and motion to vacate the memorandum opinion and order, filed September 30, 2016, be, and hereby is, denied.

It is further ordered that this matter be, and it hereby is, recommitted to United States Magistrate Judge Dwane L. Tinsley.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: July 10, 2017

John T. Copenhaver, Jr.
United States District Judge