# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**CHASE CARMEN HUNTER,**

      **Plaintiff,**

**v.**

                      **Case No. 2:15-cv-05508**

**MICHAEL D. RILEY, individually and
in his official capacity as Commissioner of Insurance
for West Virginia, and in his official capacity as a
Committee Member of the National Association
of Insurance Commissioners,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   Pending before the court is Defendant Riley's Renewed Motion to Dismiss (ECF No. 39), which is undisputed.

On April 20, 2015, the plaintiff, Chase Carmen Hunter ("Hunter"), filed, *inter alia*, a Verified Petition for Declaratory Judgment and Permanent Injunction (hereinafter "Complaint") (ECF No. 2), contending that her non-resident West Virginia insurance license was improperly revoked after her licenses were allegedly revoked in at least two other states.   Hunter seeks a declaratory judgment declaring that her West Virginia license is active and valid and an order permanently enjoining the defendant from

violating state and federal law.   Hunter contends that she has no other adequate remedy at law.

This is the second civil action filed by Hunter in this court concerning the allegations contained in her Complaint, and one of many similar cases filed in federal courts around the country.   (ECF No. 40 at 3) (listing other cases).   Hunter voluntarily dismissed her first civil action filed in this court pursuant to Rule 41(a)(1)(A) on April 16, 2015.   Notice of Dismissal, ECF No. 16, *Hunter v. Riley*, Case No. 2:14-cv-26978 (S.D. W. Va., Apr. 16, 2015).   Then, on April 20, 2015, she filed the instant civil action, in which she seeks to prohibit the West Virginia Insurance Commissioner from taking adverse action against her West Virginia insurance license.[1]

On September 30, 2016, Judge Copenhaver entered a Memorandum Opinion and Order (ECF No. 33) adopting the undersigned's Proposed Findings and Recommendation ("PF&R") and dismissing the claims against the West Virginia Office of the Insurance Commissioner ("WVOIC"), with prejudice, but recommitting this matter to the undersigned for a determination of the status of the administrative proceedings surrounding Hunter's West Virginia insurance license and further consideration of whether abstention under *Younger v. Harris*, 401 U.S. 37 (1971), should apply to the claims against defendant Riley.   Hunter later filed untimely objections to the PF&R (ECF No. 34), which were overruled by Judge Copenhaver on July 10, 2017 (ECF No. 45).

---

[1]   To the extent that the bulk of Hunter's allegations in her Complaint concern adverse decisions adjudicated in other forums involving non-parties to this lawsuit, this court lacks jurisdiction over collateral attacks of proceedings in other states and such allegations will not be further addressed herein.

On March 14, 2017, defendant Riley filed a Renewed Motion to Dismiss (ECF No. 39) and a Memorandum of Law in support thereof (ECF No. 40). The motion documents assert that, although the administrative proceedings concerning Hunter's West Virginia insurance license had been stayed upon the filing of her first lawsuit in this court, on September 2, 2016, the WVOIC sent Hunter a Notice of Hearing scheduling a hearing on October 5, 2016, at 9:30 a.m., pursuant to her request to appeal the decision not to renew her non-resident producer license under West Virginia Code § 33-12-24(c). (ECF No. 39, Ex. 1).[2] The September 6, 2016 Notice of Hearing was sent via certified mail to the address listed for Hunter on the NAIC State License Report at that time, which appears to be in Walnut, California, as well as to Hunter's business address in West Springfield, Massachusetts, and to an e-mail address, chase_hunter@yahoo.com. (*Id.*) The U.S. Postal Service provided a return receipt indicating that the certified mail sent to the Walnut, California address had been signed for by a "Justin De La Torre" (signature not completely legible) on September 6, 2016. (ECF No. 39, Ex. 2).

However, Hunter failed to appear at the hearing on October 5, 2016. Nevertheless, the WVOIC presented evidence to Hearing Examiner Mark W. Carbone on the issue of whether the denial of Hunter's renewal application was reasonable. (ECF No. 39, Ex. 3). The Hearing Examiner ultimately found that the WVOIC had

---

2  The Hearing Examiner's Recommended Decision indicates that the WVOIC had determined not to renew Hunter's non-resident producer license and, on January 9, 2014, sent Hunter written notice of the same by certified mail to an address in Fredericksburg, Virginia, which was the address listed in the NAIC State Licensing Report at that time. When Hunter subsequently indicated that she had failed to timely pick up the certified mail, the written notice was re-mailed to her on February 3, 2014. On February 8, 2014, Hunter made a written request for the administrative hearing. (ECF No. 39, Ex. 3 at 4-6 [citing to the CM/ECF page numbers]). Hunter thereafter filed her first Complaint in this federal court on October 17, 2014, before the administrative hearing had been held.

demonstrated substantial evidence to justify the decision to decline renewal of Hunter's non-resident producer license, pursuant to W. Va. Code §§ 33-12-24(b)(1), (b)(2), (b)(9), and (b)(10), and that such decision was reasonable.   (*Id.* at 8-14).   Thus, on October 2o, 2016, defendant Riley entered a Final Order adopting the Recommended Decision of the Hearing Examiner, including the findings of fact and conclusions of law therein.   (ECF No. 39, Ex. 4).

According to the defendant's motion documents, the Final Order was sent by certified mail to Hunter's address listed on the NAIC State Licensing Report in Walnut, California.   A return receipt indicated that "Justin De La Torre" also signed for this certified mail on October 31, 2016.   (ECF No. 39, Ex. 5).   Exhibit 5 to the defendant's Motion to Dismiss also indicates that a certified mail return receipt for mail sent to Hunter's West Springfield, Massachusetts address was signed for by "Justin De La Torre" on November 3, 2016.   (*Id.*)   Pursuant to W. Va. Code § 33-2-14, Hunter had 30 days to appeal the Commissioner's Final Order to the Circuit Court of Kanawha County, which she apparently failed to do.

However, while the state administrative proceedings were pending, and during the time in which Hunter could have pursued judicial review of the administrative decision in the West Virginia state courts, she filed an improvident interlocutory appeal of Judge Copenhaver's September 30, 2016 Memorandum Opinion and Order in the United States Court of Appeals for the Fourth Circuit.   (ECF No. 35).   The interlocutory appeal was dismissed for lack of jurisdiction by the Fourth Circuit on April 27, 2017.   *Hunter v. Riley*, No. 16-2260 (4th Cir. Apr. 27, 2017). (ECF No. 41).

4

Defendant Riley's Renewed Motion to Dismiss maintains that *Younger* abstention should prevent this federal court from exercising jurisdiction over Hunter's Complaint in this matter.    (ECF No. 40 at 7-11).    The Renewed Motion to Dismiss further asserts that, even if this court could exercise jurisdiction over Hunter's claims, the Complaint fails to state a claim upon which relief can be granted and defendant Riley is entitled to qualified immunity thereon because he was acting in the scope of his authority in the exercise of a discretionary function as Insurance Commissioner and Hunter cannot demonstrate that his actions violated a clearly established constitutional right or other federal law, or that he acted maliciously, fraudulently or oppressively.    (*Id.* at 11-15).

Hunter failed to file any response to the Renewed Motion to Dismiss.    Thus, the undersigned will treat the motion as unopposed.

## **STANDARD OF REVIEW**

Defendant Riley has filed a Motion to Dismiss (ECF No. 22), asserting this federal court should decline to exercise jurisdiction and dismiss this matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.    The motion further asserts that Hunter's Complaint fails to state any plausible claim upon which relief can be granted and, thus, the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.    In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."    While the complaint need not assert "detailed factual allegations," it must contain "more than labels

5

and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at

555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions.  Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements, do
> not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the
> purposes of a motion to dismiss we must take all of the factual allegations
> in the complaint as true, we "are not bound to accept as true a legal
> conclusion couched as a factual allegation" (internal quotation marks
> omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions.  Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
> * * *
>
> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because they are
> no more than conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a complaint, they
> must be supported by factual allegations.  When there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct."  *Id.* at 678.

## ANALYSIS

### A.    Application of *Younger* abstention doctrine.

At bottom, Hunter's Complaint is attempting to collaterally challenge the state

proceedings concerning her West Virginia insurance license, which were initiated prior to

the filing of her Complaint herein.  Although sparsely pled, liberally construed, Hunter's

Complaint appears to be alleging a due process claim that could have been addressed in

her state proceedings.   Defendant Riley asserts that this court should not interfere with

the previously initiated state proceedings concerning Hunter's insurance license under

the *Younger* abstention doctrine.   (ECF No. 40 at 7-11).   Riley contends that the three

elements of *Younger* are met in this case.   *See Employers Resource Mgmt. Co., Inc. v.*

*Shannon*, 65 F.3d 1126, 1134 (4ᵗʰ Cir. 1995).   His Memorandum of Law states:

> First, WVOIC instituted an administrative complaint against Plaintiff in
> March of 2014.   The administrative complaint was initially stayed upon
> Plaintiff's filing of her Complaint in this Court; however, WVOIC has
> proceeded with the administrative hearing.   As such, there is an ongoing
> state judicial proceeding.    Second, the administrative proceeding
> implicates important State interests.   The State of West Virginia has an
> interest in regulating and licensing insurance producers.   Similarly, the
> State has an interest in protecting consumers by setting standards and
> regulating the insurance marketplace, including licensing individuals who
> seek to sell insurance to West Virginia consumers.   The state tribunals are
> better equipped to address the important state interests surrounding
> insurance regulation.   Third, adequate opportunity exists to obtain judicial
> review of a decision in the administrative hearing through an appeal to the
> West Virginia Circuit Court, at which time Plaintiff could raise her
> constitutional challenges, as well as a subsequent appeal from the Circuit
> Court to the Supreme Court of Appeals of West Virginia.   *See W. Va. Code*
> § 33-2-14.   Further, abstention is required because state court proceedings
> were initiated when the WVOIC instituted the administrative complaint
> against Plaintiff in March of 2014, which was six months before Plaintiff
> filed her first civil action against Defendants in October of 2014, Case No.
> 2:14-cv-26978. . . . [T]he fact remains that Plaintiff's federal lawsuits were
> filed as an improper attempt to prevent Defendants from proceedings with
> the administrative proceedings regarding her license.

(*Id.* at 8-9).

Section 33-12-24 of the West Virginia Code invests the West Virginia Insurance

Commissioner with the power to "examine and investigate the business affairs of every

7

person applying for or holding an insurance producer license[3] . . . to determine whether such person has been or is engaged in any violation of the insurance laws or rules of this state or has engaged in unfair or deceptive acts or practices in any state."    W. Va. Code § 33-12-24(a).    Section 33-12-24 of the West Virginia Code also provides that "[t]he insurance commissioner may place on probation, suspend, revoke or refuse to issue or renew an insurance producer's license" for various reasons enumerated in the statute, including having an insurance license or its equivalent denied, suspended or revoked in another state, or if the commissioner finds that the licensee used fraudulent, coercive, or dishonest practices, or demonstrated incompetence, untrustworthiness, or financial irresponsibility in the conduct of business in any state.    *See* W. Va. Code § 33-12-24(b). The statute further provides:

> (c)    In the event that the action taken by the insurance commissioner is to nonrenew or to deny an application for a license, the insurance commissioner shall notify the applicant or licensee and advise, in writing, the applicant or licensee of the reason for the denial or nonrenewal of the applicant or licensee's license.    The applicant or licensee may make written demand upon the insurance commissioner within ten days for a hearing before the insurance commissioner to determine the reasonableness of the insurance commissioner's action.    The hearing shall be held within forty-five days and shall be held pursuant to section thirteen, article two of this chapter.

W. Va. Code § 33-12-24(c).

Additionally, W. Va. Code § 33-2-14 provides for judicial review in the Circuit Court of Kanawha County, West Virginia of a decision by the insurance commissioner after a hearing has been held, or from an order refusing a hearing, and provides specific time

---

3    Pursuant to W. Va. Code § 33-12-2, an "insurance producer" means "a person required to be licensed under the laws of this state to sell, solicit or negotiate insurance" and includes an "agent."    Hunter's Complaint uses both of these terms.

periods in which such appeals may be sought.   The statute further provides for a subsequent appeal from the Circuit Court to the Supreme Court of Appeals of West Virginia ("SCAWV").   *See* W. Va. Code § 33-2-14.

It is undisputed that Hunter was given written notice of the administrative hearing concerning the denial of her renewal application, which she initially requested, and that she failed to attend the hearing.   Once the Final Order upholding the denial of her renewal application was issued, Hunter's adequate remedy was to seek judicial review of Commissioner Riley's Final Order in the Circuit Court of Kanawha County, followed by an appeal to the SCAWV.   It is further undisputed that Hunter has failed to take advantage of the available judicial review process in the state courts.   Although Hunter has seemingly waived her ability to pursue judicial review in the state courts by not timely filing an appeal therein, as noted by Defendant Riley, the United States Supreme Court has recognized that "regardless of when [the decision in question] became final . . . a necessary concomitant of *Younger* is that a party in [the federal plaintiff's] posture must exhaust his state appellate remedies before seeking relief in the District Court . . . ."   *See Huffman v. Pursue, Ltd.*, 95 S. Ct. 1200 (1975); *see also Moore v. City of Asheville*, 396 F.3d 385, 388 (4ᵗʰ Cir. 2005).   (ECF No. 40 at 10).

In *Moore*, the Fourth Circuit found that "a defendant to a coercive state administrative proceeding must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively to 'annul the results' of a state administrative body."   The Fourth Circuit has affirmatively stated that "a plaintiff may not bypass a seemingly adequate administrative process and then complain of that process's constitutional inadequacy in federal court."

*Ashley v. N.L.R.B.*, 225 F. App'x 707 (4th Cir. Nov. 20, 2007).   That is essentially what Hunter has done in this case.   The Fourth Circuit has further emphasized that "*Younger* abstention was created to prevent such disruption of state administrative and judicial process."   *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 166 (4th Cir. 2008). Relying on *Laurel Sand*, our sister court in the District of Maryland found that a similar case filed by Hunter was barred by *Younger* abstention.   *See Hunter v. Redmer*, No. JKB-15-2047, 2015 WL 8479211, *3 (D. Md. Dec. 10, 2015) ("The fact that Hunter did not follow through with her available state court remedy, including demanding a hearing on the Commissioner's decision not to renew her license and pursuing judicial review . . . does not prevent application of the *Younger* doctrine.")

Therefore, because the state courts provide the proper forum, if any, to hear Hunter's claims, and Hunter has not exhausted the state judicial review process in which her potential federal constitutional claim could be addressed, this court should abstain from exercising jurisdiction over Hunter's Complaint filed herein.

**B.     Hunter fails to state a claim upon which relief can be granted.**

In the alternative, should Judge Copenhaver determine that *Younger* abstention is inappropriate, the instant Complaint should still be dismissed for failure to state a claim upon which relief can be granted.   It is apparent from the record that Hunter was given all of the process that she was due and that she failed to pursue the adequate remedy of judicial review of the administrative decision.   Moreover, Hunter may still have an adequate remedy in the state courts.   *See, e.g., McKinney v. Pate*, 20 F.3d 1550, 1564 (11th Cir. 1994) (en banc); *Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir, 2000) (mandamus may be an adequate state remedy to ensure that a plaintiff is not deprived of

due process).   "So long as the state court has the power to remedy any procedural alleged deficiency, [the plaintiff] was not deprived of due process."   *Wells v. Columbus Tech. College*, 510 F. App'x 893, 897 (11th Cir. Feb 27, 2013).   Therefore, Hunter cannot state a plausible due process claim.   Accordingly, should the presiding District Judge determine to exercise jurisdiction herein, the undersigned proposes that he **FIND** that Hunter's Complaint fails to state a claim upon which relief can be granted.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the defendant Riley's Renewed Motion to Dismiss (ECF No. 39) be **GRANTED** and that this civil action be dismissed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to electronically transmit a copy to the plaintiff and counsel of record.

<u>January 12, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge

12